JOHNSON, Justice,
dissents and assigns reasons.
|,I must respectfully dissent from the majority’s opinion on rehearing. This Court granted defendants’ application for rehearing to consider whether our opinion on original hearing conflicts with this Court’s opinion in Borel v. Young, 07-C-0419 (La.11/27/07), 989 So.2d 42 (on reh’g). Because I find no conflict with our decision in Borel, I would reinstate our original judgment, affirming the decision of the court of appeal.
*209 In our original opinion, we found that the Plaintiffs’ amendment to their petition, filed almost four years after death, adding a major child’s survival and wrongful death claims (Sarah Warren Jimenez), related back to the timely filing of the original petition. This Court applied La. C.C.P. art. 1153 and the factors set forth in Giroir v. South La. Med. Ctr., Div. Of Hospitals, 475 So.2d 1040 (La.1985) in finding that the amendment related back to the date of filing of the original petition for wrongful death and survival actions by the wife and another major child of the |2decedent against the defendant health care providers.
In them application for rehearing, defendants argue that our original opinion is in conflict with Borel, and creates a different standard for late-added plaintiffs and late-added defendants.[1] Unlike this matter, Borel involved the plaintiffs’ attempt to add a new and unrelated defendant to a pending medical malpractice suit. In this case, all defendants were timely sued. There is no concern in this case, unlike Borel, about any conflict between the general codal articles on interruption of prescription and the specific provisions of the Medical Malpractice Act relating to suspension of prescription. As the Plaintiffs have pointed out, the issue here is not about interrupting or suspending prescription. La. C.C.P. art. 1153 provides that “[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of filing the original petition.” Thus, relation back is neither a suspension or an interruption of prescription, and when applied, it is as if the amended claim has been filed with the original petition.
While the majority acknowledges that the Medical Malpractice Act has no rules relative to relation back of pleadings, the majority still finds that the La. C.C.P. art. 1153 cannot be applied. The majority reasons that any general codal article which conflicts with the provisions of the Medical Malpractice Act cannot be applied to medical malpractice actions in the absence of specific legislative authorization in the Act.
Contrary to the majority’s holding, I agree with the opinion expressed in Justice Weimer’s concurring opinion on original hearing. Because the Medical Malpractice Act is silent with respect to the issue of relation back of pleadings, I find |sthat there is no conflict between the general codal articles and the specific provisions of the Medical Malpractice Act. Thus, these various provisions should be read in conformity with each other. Gudtreau v. Kucharchuk, 99-2570 (La.5/16/00), 763 So.2d 575, 579. Therefore, I find no reason why La. C.C.P. art. 1153 should not be applied here.[2]
Because I find that this case is distinguishable from Borel, I find no conflict, and no reason to reverse our original opinion.[3]

. Defendants also argue that even if there was no conflict with Borel, two of the Giroir factors are not met in this case.

. I would also reaffirm our application of the Giroir factors in this matter

. I also disagree with the majority’s holding that Sarah's survival claim is prescribed. As we held on original hearing, Sarah shares in this cause of action with her sister and mother; therefore, prescription on that cause of action was interrupted when Sarah’s sister and mother timely filed suit against the defendants. I also note that allowing the amendment to add Sarah's survival claim will not affect the defendants’ liability. The addition of this claim will merely affect the division of any judgment proceeds between the plaintiffs.